UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melvin Pernell Gause, | ) | Crim. No.: 4:15-cr-00264-RBH-1 |
| | ) | Civ. No.: 4:17-cv-00548-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Melvin Pernell Gause's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 76. The Government has filed a motion to dismiss. *See* ECF No. 80. The Court denies Petitioner's § 2255 motion and grants the Government's motion to dismiss for the reasons herein.[1]

**Background**

In September 2015, Petitioner pled guilty pursuant to a written plea agreement to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). *See* ECF Nos. 2, 45, 46, & 47. The presentence investigation report ("PSR") recommended that the Court sentence Petitioner as an armed career criminal pursuant to the Armed Career Criminal Act[2] ("ACCA") because Petitioner had at least three prior state drug convictions qualifying as serious drug offenses. *See* ECF No. 67. Specifically, the PSR identified Petitioner's prior South Carolina drug convictions for (1) distribution of crack cocaine (first offense), (2) distribution of marijuana (second

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

[2] 18 U.S.C. § 924(e).

1

offense), (3) possession with intent to distribute cocaine (second offense), and (4) distribution of marijuana (second offense) and possession with intent to distribute (second offense). *See* PSR at ¶¶ 17, 20–22, & 46.

In February 2016, the Court adopted the PSR and sentenced Petitioner under the ACCA to 180 months' imprisonment and five years' supervised release. *See* ECF Nos. 62, 64, 65, & 67. Judgment was entered on February 26, 2016, *see* ECF No. 64, and Petitioner did not file a direct appeal.

On February 23, 2017,[3] Petitioner filed the instant § 2255 motion and a supporting memorandum. *See* ECF No. 76. On March 3, 2017, the Government filed a motion to dismiss. *See* ECF No. 80. On March 21, 2017,[4] Petitioner filed a response in opposition to the Government's motion. *See* ECF No. 83.

## Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[4] *Houston v. Lack* filing date.

2

determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

## **Discussion**

Petitioner argues he is entitled to relief pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016),[5] "[o]n the ground that the 'distribution' element of [his] crime of conviction is broader than the elements of a 'serious drug offense' under the [ACCA]." *See* ECF No. 76-1 at p. 1. The Government argues *Mathis* is inapplicable to Petitioner's case. *See* ECF No. 80.

The ACCA enhances the sentence of a defendant convicted of being a felon in possession of a firearm or ammunition if he has three prior, distinct convictions "for a violent felony ***or a serious drug offense***, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). In *Mathis*, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated ***violent felonies*** set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the ACCA. *See* 136 S. Ct. at 2247–48.

*Mathis* did **NOT** deal with serious drug offenses and does not afford Petitioner relief.

---

[5] *Mathis* was decided in June 2016, approximately four months after Petitioner's sentencing.

3

Petitioner's enhanced sentence under the ACCA was based on his prior serious drug offenses, namely those prior South Carolina drug convictions listed above. *See* PSR at ¶¶ 17, 20–22, & 46. His sentence enhancement was **_not_** based on three prior violent felonies. *See, e.g.*, *Washington v. United States*, 2017 WL 3605231, at *3 (D.S.C. Aug. 18, 2017) ("[T]he holding in *Mathis* does not apply because Movant received an enhanced sentence based on his prior controlled substance convictions, and not because of any conviction considered to be a violent felony under the ACCA."), *appeal dismissed*, 710 F. App'x 161 (4th Cir. 2018), *cert. denied*, 2018 WL 2303739 (U.S. June 18, 2018); *United States v. Brunson*, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017) (same), *appeal dismissed*, 697 F. App'x 143 (4th Cir. 2017). The Court will deny Petitioner's § 2255 motion and grant the Government's motion to dismiss.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's Motion to Dismiss [ECF No. 80] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 76]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
July 13, 2018　　　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge